IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00848-REB-CBS

CONVERDYN

       Plaintiff,

v.

JAMES NEAL BLUE,
HEATHGATE RESOURCES PTY., LTD.,
GENERAL ATOMIC TECHNOLOGIES CORPORATION, and
NUCLEAR FUELS CORPORATION,

       Defendants

## STIPULATION AND PROTECTIVE ORDER

       Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

       1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.A	"Confidential Information" means confidential and/or proprietary business information, including but not limited to contract terms, including parties, pricing, dates of delivery and volume; employment and personnel information, that is contained in any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below.  The attorneys each agree not to designate material as "confidential" unless he or she is satisfied (consistent with Fed.R.Civ.P. 11) that they can demonstrate compelling reasons for treating the information in this fashion.

B.	"Attorneys Eyes Only": The parties may also designate a limited class of CONFIDENTIAL information as ATTORNEYS' EYES ONLY.  This designation shall be reserved for information that meets the definition of CONFIDENTIAL information in Paragraph 2.A above, the disclosure of which to a party would significantly increase the risk of substantial commercial harm to the disclosing party.  The parties recognize that designation of documents or information as ATTORNEYS' EYES ONLY will be reserved for only those documents or information which if disclosed would significantly increase the risk of substantial commercial harm to the disclosing party and that this designation should only be used for the most exceptional of documents.  Such information shall be disclosed only to (a) outside counsel and his/her support staff working on this case; (b) the Court; and (c) outside consultants or experts working with outside counsel on this case, provided such individuals also agree in writing to be bound by the terms of this Protective Order and not to disclose the information to anyone but outside counsel.

For that information designated as ATTORNEYS' EYES ONLY, simultaneously with the designation, a party must specifically state that the disclosure of such information poses a significantly increased risk of substantial commercial harm and identify the risk of substantial commercial harm that

could result from disclosure of the designated information/document, identified by Bates range, which designation is to be made subject to counsel's Rule 11 and Rule 26(g) obligations. Each page so designated will bear the legend ATTORNEYS' EYES ONLY. The receiving party's counsel shall have an opportunity to review the information and challenge the designation within 30 days of notification of the designation. If counsel for the receiving party does not challenge the designation within 30 days of notification of the designation, the designation will be deemed accepted.

If the designating party objects to the receiving party's challenge of a designation, the designating party must submit the disputed information to the Court within 10 days of notification of the receiving party's challenge for an *in camera* review to determine the proper designation of the information. If the designating party does not submit the disputed information to the Court for an *in camera* review within 10 days of notification of the receiving party's challenge, the designation will be deemed null and void.

3. Any motion to seal or otherwise restrict public access shall comply with paragraph 12 below and shall describe, at a minimum, (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. The attorneys for the parties agree that they will not attempt to seal a pleading, motion or any supporting material unless he or she is satisfied (consistent with Fed.R.Civ.P. 11) that they can demonstrate compelling reasons for treating the documents in this fashion.

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to

        a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 7 above, upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information

and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. The party asserting confidentiality shall have the burden of establishing the propriety of such designation.

12. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue

is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

      13.      The inadvertent disclosure to another party of any documents which is subject to a legitimate claim that the document should have been withheld from disclosure as a privileged attorney/client communication or attorney work product shall not constitute a waiver of any privilege or otherwise affect the right to withhold from production as privileged or work product any other documents or information, even though such documents or information may relate to the same or a related transaction or subject matter as the document inadvertently disclosed. If a request is made in good faith to return any such allegedly privileged or work product document that was inadvertently disclosed, the party that received the document shall return the document to the producing party within thirty days of the request, together with all copies of any such documents. The privilege or work product status of such document or information, if any, shall be deemed to be restored upon the making of such request. Provided, however:

      a.      Nothing herein shall preclude the non-producing party from requesting the Court to determine whether the document or information is privileged or work product information. In the event that the non-producing party intends to challenge the claim of privilege, the non-producing party may retain a copy of such document for such purposes.

      b.      If the producing party either (i) expresses the intent to use such document or information at a hearing, deposition or trial, or (ii) uses such document or information at a hearing, deposition or trial, the

producing party's right to request return of such document or information shall be foreclosed.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 7 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 12th day of October, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED BY:**

KONCILJA & ASSOCIATES, P.C.

s/ Frances A. Koncilja
Frances A. Koncilja
Melanie J. Snyder
800 Eighteenth Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 675-0900
Facsimile: (303) 675-0401
E-mail: fkoncilja@koncilja.com

ATTORNEYS FOR PLAINTIFF
CONVERDYN

HOLLAND & HART LLP

s/ Scott S. Barker
Scott S. Barker
Holly Stein Sollod
Jonathan S. Bender
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado 80201-8749
Telephone: (303) 295-8000
Facsimile: (303) 295-8261
E-Mail: sbarker@hollandhart.com
hsollod@hollandhart.com
jsbender@hollandhart.com

ATTORNEYS FOR DEFENDANTS
HEATHGATE RESOURCES PTY., LTD
GENERAL ATOMICS TECHNOLOGIES
CORPORATION, AND NUCLEAR FUELS
CORPORATION

CADWALADER WICKERSHAM & TAFT
LLP

s/ Jason Halper
Gregory A. Markel
Jason Halper
One World Financial Center
New York, New York 10281-0006
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
E-Mail: greg.markel@cwt.com
jason.halper@cwt.com

ATTORNEYS FOR DEFENDANT JAMES NEAL BLUE

## EXHIBIT A

## <u>AFFIDAVIT</u>

STATE OF COLORADO      )
                                             )  ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

 1. I have read the Protective Order in Civil Action No. 06-CV-00848-REB-CBS, a copy of which is attached to this Affidavit.

 2. I promise that I will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.

 3. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

 4. I will abide by the terms of the Protective Order.

                  _____
                   (Signature)

                   _____
                   (Print or Type Name)

                   Address:

                   _____

                   _____

                   Telephone No.: (___)_____

 SUBSCRIBED AND SWORN to before me this __ day of _____, 20__, by _____.

 WITNESS my hand and official seal.

                   _____
                   Notary Public

[S E A L]

                   My Commission Expires: _____