IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-CV-00848-REB-CBS

CONVERDYN,

    Plaintiff,

v.

JAMES NEAL BLUE,
HEATHGATE RESOURCES PTY., LTD.,
GENERAL ATOMIC TECHNOLOGIES CORPORATION, AND
NUCLEAR FUELS CORPORATION,

    Defendants.

---

**STIPULATED MOTION FOR ORDER VACATING ORDER STAYING DEPOSITIONS, MODIFYING SCHEDULING ORDER DATES, AND SETTING A NEW TRIAL DATE**

---

    Plaintiff ConverDyn and Defendants James Neal Blue, Heathgate Resources Pty., Ltd., General Atomic Technologies Corporation, and Nuclear Fuels Corporation (collectively the "Parties"), through their attorneys, respectfully submit this Stipulated Motion for Order Vacating Order Staying Depositions, Modifying Scheduling Order Dates, and Setting a New Trial Date.  This relief should be granted for the following reasons:

    1.    Pursuant to Local Rule 7.1(A), counsel for the Parties have conferred and all agree to this stipulated motion.

2. Since September, pursuant to an order of the Court, the Parties have been engaged in limited discovery, including the exchange of documents. Depositions of fact witnesses have been stayed pursuant to Magistrate Judge Shaffer's Order of September 22, 2006 staying all depositions pending resolution of Defendants' motions to dismiss. See Minute Order at 1 (ECF# 79) (the "Order") and Scheduling Order at 15 (ECF# 78). Magistrate Judge Shaffer, however, invited reconsideration of this stay if the motions to dismiss were not resolved by November or December 2006.

3. As the Parties agree, several factors warrant lifting the deposition stay as well as a slight alteration of certain aspects of the discovery schedule and extension of the trial date. The Court has not ruled on the Defendants' motions to dismiss. Moreover, as the Court recently granted Plaintiff's Motion for Leave to File Second Amended Complaint, those motions are now moot. Although Defendants will be filing motions to dismiss the Second Amended Complaint, those motions will not be fully briefed until April 30, 2007. See Minute Order dated January 22, 2007 (ECF# 121). To avoid further delay, the Parties agree to begin to conduct depositions notwithstanding Defendants' forthcoming motions, subject to approval of the Court.

4. In addition to lifting the stay of depositions, a slight revision to the expert discovery schedule is warranted for several reasons. First, document and written discovery is ongoing, and the Parties believe that depositions should occur following substantial completion of document and written discovery so as not to require witnesses to be deposed more than once. Second, not all witnesses are immediately available for depositions, including certain of Defendants' fact witnesses who are not available for

depositions until May or June. Third, Plaintiff's Second Amended Complaint includes an antitrust claim. This will require additional expert discovery beyond that originally contemplated by the Parties.

5. In light of the foregoing considerations, the Parties propose the following modifications to the expert discovery aspects of the Scheduling Order:

- An extension of the existing May 15, 2007 deadline for Plaintiff to designate experts and provide disclosures pursuant to Fed.R.Civ.P. 26(a)(2) until September 14, 2007 with Plaintiff agreeing to make its expert(s) available for depositions on or before October 5, 2007;

- An extension of the June 29, 2007 deadline for Defendants to designate experts and provide disclosures pursuant to Fed.R.Civ.P. 26(a)(2) to October 31, 2007 with Defendants agreeing to make their expert(s) available for depositions on or before November 16, 2007;

- An extension of the July 31, 2007 deadline for Plaintiff to designate rebuttal experts and provide disclosures pursuant to Fed.R.Civ.P. 26(a)(2) extended to November 30, 2007 with Plaintiff agreeing to make its rebuttal expert(s) available for depositions on or before December 21, 2007.

6. In light of these proposed extensions to the expert discovery schedule, the Parties agree that an extension of the deadline for filing dispositive motions from September 21, 2007 to January 18, 2008 is necessary. Finally, consistent with the proposed change in deadlines for dispositive motions, the Parties respectfully request that the Court vacate the Trial Preparation Conference Order dated September 22,

2006 (ECF# 77) which set a trial date of January 14, 2008 and enter a new trial order consistent with the expected completion of briefing of dispositive motions.

## ARGUMENT

**I.    DEPOSITION DISCOVERY SHOULD BEGIN**

7.    This Court has broad discretion over the timing of discovery. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F.Supp. 2d 1277, 1280 (D.Colo 2004) citing *U.S. v. Evans & Assocs. Constr. Co.* 839 F.2d 656, 660 (10th Cir. 1988).

8.    The Parties agree that it would be appropriate to lift the present stay of depositions. First, the more time that passes before any depositions commence increases the risk that memories will fade and relevant information will be lost. Second, the delay in obtaining further information about each side's positions through depositions will hinder settlement efforts by the parties and/or the ultimate resolution of the case. Third, since document and written discovery is ongoing, there is less efficiency to be gained by a stay pending resolution of Defendants' renewed motions to dismiss.

**II.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER AND TO SET A NEW TRIAL DATE**

9.    Federal Rule 16(b) requires a showing of good cause to modify a scheduling order. *See also* Scheduling Order at 19 (requiring a showing of good cause to alter or amend the Scheduling Order). Similarly, motions to continue or reset a trial may be granted only for good cause. REB Civ. Practice Standard II.F.1. Nonetheless, Rule 16(b) provides the Court wide latitude to modify scheduling orders, *see Alleyne v. Midland Mortgage Co.*, 2006 WL 2860811, *6 (D.Colo. 2006) (citing *Burks v. Okla.*

4

*Publ'g Co.*, 81 F.3d 975, 978 (10th Cir. 1996)), and the Court may alter a schedule when it "cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16(b) advisory committee's note (1983).

10. As shown above, good cause exists to modify the Scheduling Order and to set a new trial date. Despite the delay resulting from the deposition stay, the Parties have made progress in discovery, including the exchange of written discovery and initial production of documents. However, further delay of deposition discovery threatens the ability of the Parties to meet the existing August 31, 2007 cut off. Moreover, given the addition of an antitrust claim, which will involve expert economic discovery more complex than that contemplated by Plaintiff's original claims, the original deadline for conducting expert discovery and the scheduled trial date have become impracticable.

11. The Parties have diligently engaged in discovery thus far (as evidenced in part by the fact that no extension of the fact discovery deadline is sought herein notwithstanding the addition of Plaintiff's antitrust claim) and further demonstrate their diligence by promptly advising the Court of a need for an extension. *Compare Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516 (D.Colo. 2003) (denying motion to amend discovery deadlines in scheduling order for designation of experts, service of amended and new expert reports, and related discovery when request was made four months after discovery closed).

12. Accordingly, the Parties respectfully request that the Court lift the stay and allow depositions in this matter to proceed, modify the Scheduling Order dates as noted above, and set a new trial date.

13. Pursuant to D.C.COLO.LCivR 6.1(D), each counsel whose signature appears below certify that a copy of this motion will be served upon their client and that the Parties agree to the relief requested.

WHEREFORE, the Parties respectfully request that the Court enter an order vacating the Order staying depositions, modifying the Scheduling Order deadlines as noted above, setting a new trial date, and such other and further relief as this Court deems appropriate.

Respectfully submitted this 30th day of January, 2007.

s/ Frances Koncilja
Frances A. Koncilja
Melanie J. Snyder
KONCILJA & ASSOCIATES, P.C.
800 Eighteenth Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 675-0900
Facsimile: (303) 675-0401
fkoncilja@koncilja.com
msnyder@koncilja.com

s/ Paul Olszowka
Brian W. Lewis
Paul Olszowka
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 W. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555
lewis@wildmanharrold.com
olszowka@wildmanharrold.com

Attorneys for Plaintiff ConverDyn

s/ Jason Halper
Gregory A. Markel
Jason M. Halper
CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-0600
Facsimile: (212) 504-6666

Attorneys for Defendant Mr. Blue

s/ Jonathan Bender
Scott Barker
Holly Stein Sollod
Jonathan Bender
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Post Office Box 8749
Denver, Colorado 80201-8749
Telephone: (303) 295-8478
Facsimile: (303) 713-6307

Attorneys for Defendants Heathgate,
GATC, and NFC

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2007, I electronically filed the above and foregoing Stipulated Motion for Order Vacating Order Staying Depositions, Modifying Scheduling Order Dates, and Setting a New Trial Date with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Brian Lewis
lewis@wildmanharrold.com

Paul Olszowka
Olszowka@wildmanharrold.com

Scott Barker
sbarker@hollandhart.com

Holly Stein Sollod
hsteinsollod@hollandhart.com

Craig Stewart
cstewart@hollandhart.com

Jonathan S. Bender
jsbender@hollandhart.com

Gregory A. Markel
Gregory.markel@cwt.com


s/ Crystal Trujillo