IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00848-REB-CBS

CONVERDYN,

    Plaintiff,

v.

JAMES NEAL BLUE,
HEATHGATE RESOURCES PTY, LTD,
GENERAL ATOMIC TECHNOLOGIES CORPORATION, and
NUCLEAR FUELS CORPORATION,

    Defendants.

## ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the following cross-motions: 1) **Plaintiff ConverDyn's Combined Motion and Brief in Support of Motion for Partial Summary judgment on its Claim for Breach of Contract** [#196] (filed under seal) [#201] (redacted) [#202] (public entry for sealed document); and 2) **Defendants' Combined Motion and Memorandum of Law in Support of Motion for summary Judgment** [#198] (filed under seal) [#200] (redacted) [#204] (public entry for sealed document), both filed November 1, 2007. On November 21, 2007, the parties filed responses to the motion they each oppose [#237], [#239] (filed under seal). On December 6, 2007, the parties filed replies in support of their respective motions for summary judgment [#269] [#270] (filed under seal). I deny ConverDyn's motion. I grant

the defendants' motion in part, and I deny it in part.[1]

## I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel**

---

[1] The issues raised by and inherent to the cross-motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. Cf. **FED. R. CIV. P. 56(c)** and **(d)**. **Geear v. Boulder Cmty. Hosp.**, 844 F.2d 764, 766 (10th Cir.1988) (holding that the hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

*Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 528 U.S. 933 (1999).

### III. SUMMARY OF FACTS & CLAIMS

This case involves facts and claims that are complex and concatenated. As discussed below, I grant the defendants' motion for summary judgment as to certain of the plaintiff's RICO and COCCA claims based on the narrow and specific issues that have been briefed fully by the parties. In these circumstances I find it unnecessary to detail in this order the factual circumstances that are the basis for the plaintiff's claims. Rather, I will briefly summarize the facts and the claims asserted by the plaintiff in the operative complaint, the **Plaintiff's Second Amended Complaint & Jury Demand** [#123], filed November 22, 2007.

In 2003, defendant Heathgate Resources Pty Ltd and plaintiff ConverDyn executed a contract for the purchase and sale of uranium ore (Heathgate Contract). Under the Heathgate Contract, Heathgate was to supply ConverDyn with uranium ore at a certain price. The contract covers the years 2004 through 2007. The contract price to be paid by ConverDyn ranges from $10.70 to $11.27 per pound, depending on the year. Heathgate entered into generally similar contracts with several other uranium purchasers between 2002 and 2003.

By March, 2004, the spot market price for uranium ore had risen to $17.00 per pound, and the spot market price continued to rise in subsequent years. ConverDyn

3

alleges that Heathgate and the other defendants sought to reap the benefit of the rising spot market price of uranium ore by convincing ConverDyn and other Heathgate customers to renegotiate their long term uranium supply contracts on which Heathgate was obligated.  ConverDyn claims that defendants Heathgate, James Neal Blue, General Atomic Technologies Corporation (GATC), and Nuclear Fuels Corporation (NFC) acted in concert to achieve the goal of having Heathgate's customers renegotiate or forgive their uranium supply contracts with Heathgate.  In general, such activities are not criminal or otherwise improper.  However, ConverDyn alleges further that the defendants sought to achieve this general goal by using fraudulent misrepresentations and deceptions directed toward ConverDyn and other Heathgate customers and by engaging in other improper and unlawful activities.  I will not detail here the array of improper and unlawful activities alleged by the plaintiff.

Based on the facts alleged in the complaint and discussed in detail in the parties' motions, ConverDyn asserts sixteen claims for relief in its complaint:

1. Racketeer Influenced and Corrupt Organizations Act (RICO) - injunctive relief - 18 U.S.C. § 1964(a) - all defendants;

2. RICO (pattern of racketeering activity) - 18 U.S.C. § 1962(c) - defendant Blue;

3. RICO (conspiracy to violate § 1962(c)) - 18 U.S.C. § 1962(d) - defendants Heathgate, GATC, and NFC;

4. RICO (investment of racketeering income) - 18 U.S.C. § 1962(a) - defendant Heathgate;

5. RICO (conspiracy to violate § 1962(a)) - 18 U.S.C. § 1962(d) - defendants Blue, GATC, and NFC;

6. Sherman Act - Dismissed voluntarily;

7. Breach of Contract - Specific Performance - defendant Heathgate;

4

8. Colorado Organized Crime Control Act (COCCA) (pattern of racketeering activity) - §18-17-104(3), C.R.S. - defendant Blue;

9. COCCA (conspiracy to violate §18-17-104(3), C.R.S.) - §18-17-104(4), C.R.S. - defendants GATC, Heathgate, and NFC;

10. COCCA (investment of racketeering income) - §18-17-104(1), C.R.S. - defendant Heathgate;

11. COCCA (conspiracy to violate §18-17-104(1), C.R.S.) - §18-17-104(4), C.R.S. - defendants Blue, GATC, and NFC;

12. Fraudulent Conveyance §38-8-105(1)(a), C.R.S. - defendant Heathgate;

13. Breach of Contract - defendant Heathgate;

14. Tortious Interference with Contract - defendants Blue and GATC;

15. Tortious Interference with Contract - all defendants;

16. Civil Conspiracy - defendants Blue, GATC, Heathgate, and NFC; and

17. Aiding & Abetting Fraudulent Transfer - defendants Blue, GATC, and NFC.

The defendants seek summary judgment as to each of the plaintiff's claims. The plaintiff seeks partial summary judgment on its Thirteenth Claim for Relief for breach of contract, and a finding that Heathgate breached the Heathgate contract when Heathgate failed to make uranium deliveries to ConverDyn on April 21, 2006, and September 28, 2006.

## IV. RICO & COCCA CLAIMS

The Colorado Organized Crime Control Act (COCCA) is modeled after the federal Racketeer Influenced and Corrupt Organizations Act (RICO). Absent a prior different interpretation of the COCCA by a Colorado court, federal case law construing RICO is instructive in applying the COCCA. ***Ferris v. Bakery, Confectionery and Tobacco Union, Local 26,*** 867 P.2d 38, 46 (Colo.App.1993). In this case the

5

plaintiff's RICO and COCCA claims are essentially parallel, and I analyze them concurrently.

## A. Predicate Act - Interstate Transportation of Stolen Goods

To establish each of its RICO and COCCA claims, the plaintiff must prove by a preponderance of the evidence of "at least two [predicate] acts of racketeering activity" within ten years. 18 U.S.C. § 1961(5). Racketeering activity includes a variety of federal and state criminal offenses, including interstate transportation of stolen goods. The plaintiff alleges that Heathgate transferred certain quantities of uranium to NFC at various times in 2005, and that each of these transfers constitutes the predicate act of interstate transportation of stolen goods.

Having reviewed the evidence in the record and the arguments advanced and authorities cited by the parties, I conclude that the defendants are entitled to summary judgment on this aspect of the plaintiff's RICO and COCCA claims. Viewing the evidence in the record in the light most favorable to the plaintiff, no reasonable fact finder could conclude that Heathgate's transfers of uranium to NFC in 2005 constitute the predicate act of interstate transportation of stolen goods. Rather, the undisputed facts in the record demonstrate that Heathgate owned the uranium that it transferred, and that ConverDyn had no ownership interest in the uranium. To the extent the plaintiff's RICO and COCCA claims are based on the alleged predicate act of interstate transportation of stolen goods, the defendants' motion for summary judgment should be granted.

## B. Predicate Act - Transfers of Uranium as Mail & Wire Fraud

The defendants argue also that Heathgate's transfers of certain quantities of

6

uranium to NFC at various times in 2005 do not constitute the predicate acts of mail or wire fraud. To establish mail fraud under 18 U.S.C. § 1341or wire fraud under 18 U.S.C. § 1343, the plaintiff must show 1) the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations, or promises; and 2) the use of the United States mails or interstate wire, radio, or television communications for the purpose of executing the scheme. ***Bacchus Industries, Inc. v. Arvin Industries, Inc.***, 939 F.2d 887, 892 (10th Cir. 1991) (mail fraud); ***BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.***, 194 F.3d 1089, 1102 (10th Cir. 1999). ConverDyn alleges that Heathgate's 2005 uranium transfers to NFC were undertaken to ensure that ConverDyn could not take action to obtain the uranium that was transferred to NFC. Thus, ConverDyn claims the transfers were part of Heathgate's execution of the alleged fraudulent scheme.

Having reviewed the evidence in the record and the arguments advanced and authorities cited by the parties, I conclude that the defendants are entitled to summary judgment on this aspect of the plaintiff's RICO and COCCA claims. Viewing the evidence in the record in the light most favorable to the plaintiff, no reasonable fact finder could conclude that mail or wire communications used to execute Heathgate's transfers of uranium to NFC in 2005 constitute the predicate act of mail or wire fraud. It is undisputed that Heathgate was in the business of producing, selling, and sometimes buying uranium. Transfers of uranium to Heathgate's customers and others was a routine part of Heathgate's business. Most importantly, nothing in the record demonstrates that the particular uranium that was subject to the transfers in question somehow was assigned to or reserved for ConverDyn. In this context, the evidence in

7

the record cannot reasonably be viewed as supporting the conclusion that Heathgate's transfers of uranium to NFC in 2005 were undertaken to further the larger fraudulent scheme alleged by the plaintiff. Thus, any mail or wire communications used to execute these transfers cannot reasonably be viewed as having been undertaken for the purpose of executing the alleged fraudulent scheme. To the extent the plaintiff's RICO and COCCA claims are based on the alleged predicate act of mail or wire communications undertaken to execute Heathgate's transfers of uranium to NFC in 2005, the defendants' motion for summary judgment should be granted.

## C. Investment of Racketeering Income

18 U.S.C. § 1962(a) prohibits the investment of income derived from any racketeering activity in any enterprise that is engaged in interstate commerce. To establish a claim under § 1962(a), the plaintiff must show that it "was injured by the use or investment of racketeering income. Injury from the racketeering acts themselves is not sufficient because Section 1962(a) does not prohibit those acts." ***Grider v. Texas Oil & Gas Corp.***, 868 F.2d 1147, 1149 (10th Cir.1989). This limitation is expressed in §1964(c), which provides a civil damage remedy to "[a]ny person injured in his business or property by reason of a violation of section 1962." Section 18-17-104(1)(a), C.R.S., part of the COCCA, contains a similar prohibition.

Heathgate argues that it is entitled to summary judgment on the plaintiff's claims under § 1962(a) and §18-17-104(1)(a) because there is no evidence that Heathgate's use of money allegedly derived from racketeering activities was the proximate cause of any of the plaintiff's claimed injuries. Having reviewed the evidence in the record and the arguments advanced and authorities cited by the parties, I conclude that Heathgate

is entitled to summary judgment on the plaintiff's claims based on the alleged investment of Racketeering income. Viewing the evidence in the record in the light most favorable to the plaintiff, no reasonable fact finder could conclude that Heathgate's use of money allegedly derived from racketeering activities was the proximate cause of any of the plaintiff's claimed injuries. Heathgate is entitled to summary judgment on the plaintiff's fourth and tenth claims for relief.

### D. Conspiracy to Violate RICO & COCCA

In its third, fifth, ninth, and eleventh claims for relief, the plaintiff alleges that certain defendants conspired to violate the RICO and the COCCA, in violation of specific provisions of the RICO and the COCCA. To establish these claims the plaintiff must show, *inter alia*, that the conspiring defendants knew of the corrupt enterprise's activities and agreed to facilitate the corrupt activities. **Albright v. Attorney's Title Ins. Fund**, 504 F.Supp.2d 1187, 1208 (D. Utah 2007). The defendants argue that there is no evidence that the defendants named in the conspiracy claims agreed to facilitate any corrupt activities of the alleged RICO and COCCA enterprise.

Having reviewed the evidence in the record and the arguments advanced and authorities cited by the parties, I conclude that Heathgate is entitled to summary judgment on the plaintiff's claims based on the alleged conspiracies to violate the RICO and the COCCA. Viewing the evidence in the record in the light most favorable to the plaintiff, no reasonable fact finder could conclude that defendants agreed to facilitate any corrupt activities of the alleged RICO and COCCA enterprise, as alleged in the complaint. The record does not contain evidence sufficient to support such a conclusion. Thus, the defendants are entitled to summary judgment on the plaintiff's

third, fifth, ninth, and eleventh claims for relief.

## V. REMAINING CLAIMS

For the reasons outlined above, summary judgment will be granted on the plaintiff's third, fourth, fifth, ninth, tenth, and eleventh claims for relief. Concerning the remaining claims, I note that summary judgment may be granted in a situation where a "separate claim" is presented, a "separate claim" being defined as that which is entirely distinct from other claims involved in an action which arises from a different occurrence or transaction which form the basis of separate units of judicial action. ***Triangle Ink & Color Co., Inc. v. Sherwin-Williams Co.***, 64 F.R.D. 536, 185 U.S.P.Q. 142 (N.D. Ill.1974). Even when there are no material disputed issues of fact as to some issues or claims, a trial court in exercising its discretion to shape the case for trial may deny summary judgment as to ripe portions of the case to achieve a more orderly or expeditious handling of the entire litigation. ***Powell v. Radkins***, 506 F.2d 763 (5th Cir.), *rehearing denied*, 509 F.2d 576, *cert. denied*, 423 U.S. 873 (holding that trial court did not err in denying plaintiff's motion for partial summary judgment).

Considering the remaining claims in this case, I conclude that there are a variety of contested genuine issues of material fact relating to the case as a whole. On the current record, some of the plaintiff's remaining claims appear to be strong, and some appear to be thin at best. Assuming *arguendo* that the parties are correct in their contention that with respect to some issues and claims there are no material disputed issues of fact, it is not mandatory that I grant partial summary judgment on all such issues. This is a complex case with intricately intertwined theories of liability, presenting concatenated issues of fact and law. ***See Powell v. Radkins***, 506 F.2d

763, 765 (5th Cir. 1975). The piecemeal resolution of some of the remaining issues raised by the parties will not simplify or extenuate significantly the evidence at trial. Therefore, the defendants' motion for summary judgment will be denied otherwise, and the plaintiff's motion for partial summary judgment will be denied.

## VI. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff ConverDyn's Combined Motion and Brief in Support of Motion for Partial Summary Judgment on its Claim for Breach of Contract** [#196] (filed under seal) [#201] (redacted) [#202] (public entry for sealed document), filed November 1, 2007, is **DENIED**;

2. That the **Defendants' Combined Motion and Memorandum of Law in Support of Motion for Summary Judgment** [#198] (filed under seal) [#200] (redacted) [#204] (public entry for sealed document), filed November 1, 2007, is **GRANTED** as to the plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Colorado Organized Crime Control Act (COCCA) to the extent those claims are based on the alleged predicate act of interstate transportation of stolen goods;

3. That the **Defendants' Combined Motion and Memorandum of Law in Support of Motion for Summary Judgment** [#198] (filed under seal) [#200] (redacted) [#204] (public entry for sealed document), filed November 1, 2007, is **GRANTED** as to the plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Colorado Organized Crime Control Act (COCCA) to the extent those claims are based on the alleged predicate act of mail or wire fraud related to mail or

wire communications undertaken to execute Heathgate's transfers of uranium to NFC in 2005;

4. That the **Defendants' Combined Motion and Memorandum of Law in Support of Motion for Summary Judgment** [#198] (filed under seal) [#200] (redacted) [#204] (public entry for sealed document), filed November 1, 2007, is **GRANTED** as to the plaintiff's third, fourth, fifth, sixth, ninth, tenth, and eleventh claims for relief, as alleged in the **Plaintiff's Second Amended Complaint & Jury Demand** [#123], filed November 22, 2007; and

5. That the **Defendants' Combined Motion and Memorandum of Law in Support of Motion for Summary Judgment** [#198] (filed under seal) [#200] (redacted) [#204] (public entry for sealed document), filed November 1, 2007, is **DENIED** otherwise.

Dated December 26, 2007, at Denver, Colorado.

                                   **BY THE COURT:**

                                   <u>s/ Robert E. Blackburn</u>
                                   **Robert E. Blackburn**
                                   **United States District Judge**