IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Case No. 06-cv-00848-REB-CBS

CONVERDYN,

    Plaintiff,

v.

JAMES NEAL BLUE,
HEATHGATE RESOURCES PTY, LTD,
GENERAL ATOMIC TECHNOLOGIES CORPORATION, and
NUCLEAR FUELS CORPORATION,

    Defendants.

## ORDER CONCERNING DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on **Defendants James Neal Blue's, Heathgate Resources Pty Ltd's, General Atomic Technologies Corporation's, and Nuclear Fuels Corporation's Combined Motion and Brief in Support of Motion To Dismiss Plaintiff's Second Amended Complaint** [#130], filed March 2, 2007. The plaintiff filed a response, and the defendant filed a reply. I deny the motion in part and grant it in part.

## I. MOOT ISSUES

Several of the issues raised by the defendants in their motion to dismiss are moot either because I have granted the defendants' motion for summary judgment on those issues, or because the plaintiff voluntarily has dismissed one of its claims. First, I previously have dismissed the plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) to the extent those claims are based on the alleged

interstate transportation of stolen goods as predicate acts.  Second, I previously have dismissed the plaintiff's RICO claim against Heathgate under 18 U.S.C. § 1962(a), in which the plaintiff alleges that it was injured by Heathgate's investment of racketeering income.  Third, I previously have dismissed the plaintiff's RICO conspiracy claims.  Finally, the plaintiff has voluntarily dismissed its claim under the Sherman Act.  Each of these claims also is addressed in the defendants' motion to dismiss.  Because these claims have been dismissed, the motion to dismiss is denied as moot to the extent it addresses these claims.

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss under Rule 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).  I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. July 9, 2007) (quoting **Bell Atlantic Corp. v. Twombly**, – U.S. –, 127 S.Ct. 1955, 1969, 1974, – L.Ed.2d – (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient;

2

the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1]

Some of the plaintiff's claims sound in fraud. The plaintiff's fraud claims are subject to the pleading requirements of F<small>ED</small>. R. C<small>IV</small>. P. 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." F<small>ED</small>. R. C<small>IV</small>. P. 9(b). The Tenth Circuit has held that "Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind." ***Schwartz v. Celestial Seasonings, Inc.***, 124 F.3d 1246, 1252 (10th Cir. 1997) (citing ***Seattle-First Nat. Bank v. Carlstedt***, 800 F.2d 1008, 1011 (10th Cir. 1986)). The complaint must set forth the time, place, and content of the false representation, the identity of the party making the false statements, and the consequences of the false statement. ***Id***. at 1252 (citing ***Lawrence Nat'l Bank v. Edmonds (In re Edmonds)***, 924 F.2d 176, 180 (10th Cir.1991)).

### III. ANALYSIS

This case concerns a contract for the purchase and sale of uranium ore and defendant Heathgate Resources Pty, Ltd's alleged breach of its contractual obligation to

---

[1] Until recently, the standard of review for a motion under Rule 12(b)(6) was whether "'it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" ***Beedle v. Wilson***, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The Tenth Circuit has noted that the relationship between the standard announced in ***Bell Atlantic Corp.*** and the Supreme Court's contemporaneous decision in ***Erickson v. Pardus***, – U.S. –, 127 S.Ct. 2197, 2200, – L.Ed.2d – (2007), in which the Supreme Court upheld the notice pleading standards of Rule 8(a)(2), is not entirely clear. ***See Alvarado v. KOB-TV, L.L.C.***, 493 F.3d 1210, 1215 n.2 (10th Cir. July 13, 2007). Nevertheless, my decision with respect to the 12(b)(6) motion would be the same under either the old ***Conley v. Gibson*** "no set of facts" standard or the ***Bell Atlantic Corp.*** plausibility standard. ***See id.***

deliver certain amounts of uranium to the plaintiff, ConverDyn. ConverDyn asserts a variety of claims based on the events surrounding the alleged breach by Heathgate, including claims under RICO.

## A. RICO PREDICATE ACTS

### 1. Wire Fraud & Mail Fraud

The defendants argue that the plaintiff has not pled adequately the RICO predicate acts of wire fraud and mail fraud on two particular points. First, the defendants argue that the plaintiff has not alleged that certain alleged fraudulent statements by the defendants, and the related amendment of a contract between the plaintiff and a third party, were the proximate cause of any injury suffered by the plaintiff. Applying the relatively lenient standard applicable here, I conclude that the plaintiff adequately has alleged that the fraudulent statements and resultant contract amendment were the proximate cause of the plaintiff's alleged injuries. The defendants' motion to dismiss is denied on this issue.

Second, the defendants assert that the plaintiff has not pled fraudulent statements and concealment by the defendants directed to non-parties with the particularity required by Rule 9(b). As to the plaintiffs' allegations of fraudulent statements to and concealment from non-parties, I conclude that the plaintiff's allegations identify sufficiently the time, place, and content of the alleged false representations, the identity of the parties making the false statements, the consequences of the false statements, and the circumstances constituting fraud. The defendants' motion to dismiss is denied on this issue.

### 2. Concealment of Contract Interpretation, Royalty Payments, Control of Spot Market

The defendants argue also that certain actions taken allegedly by the defendants

4

do not constitute RICO predicate acts. First, ConverDyn alleges that Heathgate developed a specious interpretation of the damages provision of the contract between ConverDyn and Heathgate, which contract preceded the development of the defendants' alleged fraudulent scheme. The plaintiff alleges that Heathgate fraudulently concealed its new and specious interpretation of this pre-existing damages provision and that Heathgate's concealment of its interpretation fraudulently induced ConverDyn to amend a related contract between ConverDyn and a third party. After the amendment of ConverDyn's contract with a third-party, Heathgate allegedly breached its obligation to deliver certain amounts of uranium to ConverDyn. ConverDyn claims that it could have purchased uranium to replace that which Heathgate failed to supply at a relatively low price. ConverDyn claims it did not purchase this low priced uranium in reliance on Heathgate's concealment of its specious interpretation of the damages provision in the ConverDyn / Heathgate contract. Within a relatively short time, the price of uranium rose dramatically and replacement uranium became much more expensive.

    I conclude that Heathgate's alleged concealment of its interpretation of a particular provision in the ConverDyn / Heathgate contract cannot support a claim of fraudulent concealment. Even if Heathgate did, as alleged, unilaterally and arcanely develop a specious interpretation of the damages provision in the ConverDyn / Heathgate contract, Heathgate's interpretation could not and did not change the contract. The terms of the damages provision remained the same no matter what interpretation Heathgate developed later. Heathgate's alleged concealment of its specious interpretation was not material because Heathgate's specious interpretation had no effect on the actual terms of the contract. A fraud claim cannot be based on a misrepresentation that is not material. In

5

addition, based on the applicable law cited by the plaintiff and the defendants, I conclude that Heathgate did not have a duty to disclose its alleged specious interpretation to ConverDyn.  *Defendants' motion to dismiss* [#130], p. 120; *plaintiff's response* [#134], p. 19.  The defendants' motion to dismiss is granted to the extent the plaintiff's RICO claim is based on fraudulent concealment of Heathgate's interpretation of the damages provision in the ConverDyn / Heathgate contract.

Second, the plaintiff alleges that Heathgate failed to pay proper royalties to the Australian government based on Heathgate's export of uranium from Australia and that the defendants sought to control the spot market for uranium.  The defendants argue that such acts do not constitute RICO predicate acts.  I agree. Such actions do not constitute acts of racketeering activity, as defined in 18 U.S.C. § 1961(1).  To the extent ConverDyn seeks to allege that these actions are predicate acts of racketeering activity, the defendants' motion to dismiss is granted.

## C.  OTHER RICO ISSUES

The defendants argue further that the plaintiff has not adequately alleged a pattern of racketeering or the existence of a distinct enterprise in support of the plaintiff's RICO claim.  In addition, the defendants argue that the plaintiff's allegations are not sufficient to support a claim for injunctive relief under RICO.  I conclude that the plaintiff's second amended complaint contains factual allegations addressing these essential elements and that the factual allegations are sufficient to state a claim for relief that is plausible on its face.  The defendants' motion to dismiss is denied on these issues.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants James Neal Blue's, Heathgate Resources Pty Ltd's,**

**General Atomic Technologies Corporation's, and Nuclear Fuels Corporation's Combined Motion and Brief in Support of Motion To Dismiss Plaintiff's Second Amended Complaint** [#130], filed March 2, 2007, is **GRANTED** to the extent the plaintiff's RICO claim is based on the alleged fraudulent concealment of Heathgate's interpretation of the damages provision in the ConverDyn / Heathgate contract;

2. That the **Defendants James Neal Blue's, Heathgate Resources Pty Ltd's, General Atomic Technologies Corporation's, and Nuclear Fuels Corporation's Combined Motion and Brief in Support of Motion To Dismiss Plaintiff's Second Amended Complaint** [#130], filed March 2, 2007, is **GRANTED** to the extent the plaintiff's RICO claim is based on Heathgate's alleged failure to pay proper royalties to the Australian government and that the defendants alleged effort to control the spot market for uranium;

3. That the **Defendants James Neal Blue's, Heathgate Resources Pty Ltd's, General Atomic Technologies Corporation's, and Nuclear Fuels Corporation's Combined Motion and Brief in Support of Motion To Dismiss Plaintiff's Second Amended Complaint** [#130], filed March 2, 2007, is **DENIED** otherwise.

Dated January 11, 2008, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          **Robert E. Blackburn**
                                          **United States District Judge**